JUDGE STEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CV 7105

------------------------------------------------------------x

TROY CALLWOOD,

                Plaintiff,

   v.

CITY OF NEW YORK, NEW YORK CITY POLICE
OFFICER JON GLADSTONE SHIELD #17746,
PATROL BOROUGH MANHATTAN SOUTH
STREET CRIME UNIT AND NEW YORK CITY
POLICE OFFICER BRIAN TAYLOR SHIELD #5547,
PATROL BOROUGH MANHATTAN SOUTH
STREET CRIME UNIT,

                Defendants.

------------------------------------------------------------x

Civil Action:

VERIFIED COMPLAINT

JURY TRIAL DEMANDED



## PRELIMINARY STATEMENT

1.    This is a Civil Rights action in which Plaintiff TROY CALLWOOD seeks redress for the Defendants' violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981 and 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the Laws and Constitution of the State of New York.

## JURISDICTION

2.    Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331 and 1343(a) this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

3. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. Plaintiff further invokes this Court's pendent jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. Jurisdiction of this Court for the pendent claims is authorized by F.R.C.P. 18(a) and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

## TRIAL BY JURY

6. Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

7. Venue is proper for the United States District Court of the Southern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

8. Plaintiff TROY CALLWOOD is a United States Citizen and resident of the United States, residing at 1591 Bruckner Boulevard, County of Bronx, City and State of New York; and was a resident of the State of New York during all relevant times of this action.

## PARTIES

9. Defendant CITY OF NEW YORK is a municipal corporation, organized under the laws of the State of New York. Defendant CITY OF NEW YORK is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby.

10. Defendant NEW YORK CITY POLICE OFFICER JON GLADSTONE (OFFICER GLADSTONE), Shield #17746, upon information and belief of the Patrol Borough Manhattan South Street Crime Unit, is and at all times relevant, an officer and employee/agent of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant OFFICER GLADSTONE is sued individually and in his official capacity. At all times relevant Defendant OFFICER GLADSTONE was acting under the color of State Law in the course and scope of her duties and functions as agent, servant, employee and Officer of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of his lawful duties. Defendant OFFICER GLADSTONE was acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in him as police officer, agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of his duties as officer, employee and agent of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

11. Defendant NEW YORK CITY POLICE OFFICER BRIAN TAYLOR (OFFICER TAYLOR), Shield #5547, of the Patrol Borough Manhattan South Street Crime Unit, is and at all times relevant, an officer and employee/agent of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant OFFICER TAYLOR is sued individually and in his official capacity. At all times relevant Defendant OFFICER TAYLOR was acting under the color of State Law in the course and scope of his duties and functions as agent, servant, employee and Officer of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and

engaged in conduct incidental to the performance of his lawful duties. Defendant OFFICER TAYLOR was acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in him as police officer, agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of his duties as officer, employee and agent of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

12. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. Defendant CITY OF NEW YORK is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the duty and risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

13. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

**FACTS**

14. On October 13, 2010 at approximately 12:30 a.m., Plaintiff was in the vicinity of Szold Place and East 12th Street, County of New York, City and State of New York. Plaintiff had used his keys to open the gate to the parking lot where Plaintiff paid to park his vehicle. As

Plaintiff was returning to his vehicle, he was approached by Defendants OFFICER GLADSTONE and OFFICER TAYLOR, both described as a heavy-set male Caucasians. Defendants OFFICER GLADSTONE and OFFICER TAYLOR grabbed Plaintiff, pushed him against their vehicle, searched Plaintiff's person and searched Plaintiff's vehicle. Plaintiff was placed in handcuffs and under arrest.

15. During the course of the Plaintiff's false arrest, Plaintiff was photographed and fingerprinted. Plaintiff was transported to Manhattan Central Booking and then transferred to the Otis Bantam Correctional Center located at Riker's Island.

16. Plaintiff was arraigned before a Judge based upon a Criminal Court Complaint sworn to by Defendant OFFICER GLADSTONE, charging the Plaintiff with violating Sections 265.02(1) and 221.05 of the New York State Penal Law and VTL 511(1)(a) of the New York Vehicle and Traffic Law. Plaintiff was wrongfully accused and imprisoned in New York County, New York on charges of Criminal Possession of a weapon and other related charged for a period in excess of thirty (30) days.

17. Plaintiff was forced to retain counsel to defend against the criminal allegations made by Defendant OFFICER GLADSTONE. Plaintiff was released on bail on or about November 15th 2010. After several court appearances, on or about December 7, 2011 all criminal charges against the Plaintiff were subsequently dismissed and sealed by the Honorable M, Wiley, in New York County.

## COUNT I: VIOLATIONS OF 42 U.S.C. 1983: FALSE ARREST

18. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 17 above with the same force and effect as if herein set forth. At all times

relevant herein the conduct of the Defendants were subject to 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

19. The detention and arrest of the Plaintiff without probable cause and without a lawful warrant was an abuse of power which constituted a seizure within the meaning of the Fourth Amendment of the United States Constitution and was an act taken by Defendants OFFICER GLADSTONE and OFFICER TAYLOR with a deliberate indifference to the Plaintiff's rights and privileges. The seizure and deprivation of his liberty was unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

20. Acting under the color of law, defendants achieved a denial of Plaintiff's rights, privileges or immunities secured by the United States Constitution or by Federal law, to wit:

   a. By depriving the Plaintiff of him liberty without due process of law, by taking him into custody and holding him there against his will.

   b. By making an unreasonable search and seizure of Plaintiff's property without due process of law

   c. By conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws.

   d. By refusing or neglecting to prevent such deprivations and denials to Plaintiff thereby depriving plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

21. Defendant CITY OF NEW YORK negligently hired, supervised and trained Defendants OFFICER GLADSTONE and OFFICER TAYLOR.

22. As a proximate result of the false arrest and imprisonment of the Plaintiff caused by defendants, the Plaintiff was caused to suffer great pain and mental anguish, and was greatly humiliated and injured in his reputation, as well as further pecuniary damages and legal costs, all to the Plaintiff's damage.

## COUNT II: VIOLATIONS OF 42 U.S.C. 1983: DETENTION AND CONFINEMENT

23. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 22 above with the same force and effect as if herein set forth.

24. As a result of their concerted unlawful and malicious detention and confinement of Plaintiff, defendants deprived Plaintiff of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. 1983.

## COUNT III: VIOLATIONS OF 42 U.S.C. 1983: REFUSING OR NEGLECTING TO PREVENT

25. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 24 above with the same force and effect as if herein set forth.

26. At all times relevant to the complaint, Defendants OFFICER GLADSTONE and OFFICER TAYLOR as police officers of THE NEW YORK CITY POLICE DEPARTMENT were acting under the direction and control of Defendant CITY OF NEW YORK.

27. Acting under color of law and pursuant to official policy Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, knowingly, recklessly and / or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendants OFFICER GLADSTONE and OFFICER TAYLOR in their duties to refrain from:

   a. Unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

    b. Unlawfully and maliciously arresting, imprisoning, and prosecuting a citizen who was acting in accordance with is constitutional and statutory rights, privileges, and immunities;

    c. Conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and the laws of the United States and the laws of the State of New York;

    d. Otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities.

28. Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT had knowledge of or had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants OFFICER GLADSTONE and OFFICER TAYLOR, THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

29. Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT directly or indirectly under color of law approved or ratified the unlawful deliberate, malicious, reckless, and wanton conduct of Defendants OFFICER GLADSTONE and OFFICER TAYLOR heretofore described.

30. As a direct and proximate cause of the negligent and intentional acts of Defendants OFFICER GLADSTONE and OFFICER TAYLOR, THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK as set forth in paragraphs1 through 29 above, Plaintiff suffered loss of income and severe mental anguish in connection with the deprivations of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

### COUNT IV: VIOLATIONS OF 42 U.S.C. 1983: MALICIOUS PROSECUTION

31. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 30 above with the same force and effect as if herein set forth.

32. That upon information and belief, the conduct of Defendants acting under color of State Law, violated Section 42 U.S.C. 1983 by falsely and maliciously charging Plaintiff with the commission of a criminal offense without basis in law or fact.

33. As a consequence of the actions of Defendants, Plaintiff was required to make additional Court appearances and incur legal expense to defend against the false charges levied against him, and suffers fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

### COUNT V: FIRST STATE LAW CLAIM

34. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 33 above with the same force and effect as if herein set forth.

35. That the actions of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendants OFFICER GLADSTONE and OFFICER TAYLOR resulted in the false arrest, detention, photographs and searches of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### COUNT VI: SECOND STATE LAW CLAIM

36. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 35 above with the same force and effect as if herein set forth.

37. That Defendant CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, through the doctrine of Respondeat Superior, is liable for the actions

of Defendants OFFICER GLADSTONE and OFFICER TAYLOR which resulted in the false arrest, detention, photographs, finger-printing and searches of Plaintiff and his property, public humiliation and embarrassment, emotional distress and the incurrence of monetary damages, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severally against all Defendants:

1. Actual, general, special and compensatory damages for Plaintiff.

2. Punitive damages against Defendant NEW YORK CITY POLICE OFFICER JON GLADSTONE SHIELD #177463.

3. Punitive Damages against Defendant NEW YORK CITY POLICE OFFICER BRIAN TAYLOR SHIELD #55474.

4. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

5. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: October 4, 2013
New York, New York

Philip V. Aiello (PVA – 2908)
ATESHOGLOU & AIELLO, P.C.
As Trial Counsel For
THE LAW OFFICE OF JOHN R. KELLY
Attorneys for Plaintiff
381 Park Avenue South, Suite 701
New York, New York 10016
TEL: (212) 545-1740
FAX: (212) 545-7514
Email: paiello@atesh.com

## VERIFICATION

STATE OF NEW YORK       )
                        ) ss:
COUNTY OF NEW YORK  )

PHILIP V. AIELLO, being an attorney duly admitted to practice law in the courts of the State of New York and the Federal Courts of the Southern District of New York, affirms under the penalty of perjury:

I am a member of Ateshoglou & Aiello, P.C. I have read the foregoing COMPLAINT, and know the allegations of fact stated therein, that the stated allegations of fact are true to my own knowledge except as to those allegations stated to be on information and belief, and as to those matters, I believe them to be true.

The grounds of my belief as to all matters stated to be upon information and belief are conversations with Plaintiff, my review of the documents contained in files maintained by my office in connection with this matter, and any investigation of the relevant facts and circumstances.

The reason I make this verification instead of the Plaintiff is that Plaintiff is not presently within the county where Ateshoglou & Aiello, P.C. maintains its offices.

_____
PHILIP V. AIELLO